SCOTT J. SAGARIA (BAR # 217981)
PATRICK CALHOUN (BAR # 56671)
SAGARIA LAW
333 WEST SAN CARLOS STREET
SUITE 1700
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>Cal Investments, Inc.<br><br>Debtor. | Case No. 09-59405 RLE<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE FREE AND CLEAR OF ALL LIENS**<br><br>Date: August 25, 2010<br>Time: 10:30 a.m.<br>Ct Rm: 3099<br>Place: 280 S. First Street<br>       San Jose, CA<br>Judge: Hon. Roger Efremsky |

      Pursuant to Bankruptcy Code Section 363(f) and Bankruptcy Rules 2002(a)(2), (c)(1) and 6004(c), the Debtor, Cal Investments, Inc., moves the Court for authority to sell by private sale the property of the estate described in Exhibit A ("the property"), free and clear of liens and other interests: The property is 122 14th Street in Pacific Grove, California 93950.

The proposed sale is in the ordinary course of business for Debtor. Escrow on the property can close, pursuant to Court approval, by July 23, 2010. The property is not all or substantially all of the Debtor's assets.

1. The name purchaser(s) for the property in the proposed sale are Larry & Llynete Hamel

2. The terms and conditions of the proposed private sale are described in Exhibit B. The consideration for the proposed sale represents the fair market value of the property.

3. The following entities have the following interests in the property:
(a) Wachovia Mortgage, 4101 Wiseman Blvd., San Antonio, Texas 78251 holds a first mortgage securing a principal unpaid balance in the amount of $1,174,041.95.

4. All of the liens on and interests in the property are shown in paragraph 3 above. There are no other liens on or interests in the property known to the Debtor. The Debtor proposes that these liens and interests attach to the net proceeds derived from the sale in the same respective amounts and priorities they have against the property. So far as the Debtor knows or has been informed, the holders of these liens and interests do not disagree about the validity, priority or extent of their liens or interests in the property, and there is no known necessity for any determination in any adversary proceeding pursuant to Bankruptcy Rule 7001(2).

5. The proposed sale qualifies under Bankruptcy Code Section 363(f) in that each of the entities other than the estate having an interest in the property consents to the sale as evidenced by the verified consent attached hereto. *See* Exhibit C.

WHEREFORE, the Debtor moves the Court:

A. To order and direct that service of this Motion be made and certified in accordance with Bankruptcy Rule 9014 on the parties named herein as having liens on or interests in the property; and to order pursuant to Bankruptcy Rule 2002(a)(2) that notice be given and certified to all creditors and indenture trustees.

B. To approve and confirm the proposed sale and to authorize the Debtor to sell and convey the property to the purchaser(s) on the terms and conditions and for the consideration proposed; and, pursuant to Bankruptcy Rule 6004(f)(2), to execute any instrument necessary or appropriate, or as ordered by the Court, to consummate the proposed sale and transfer the property to the purchaser(s).

C. To order that the liens and interests of the parties named herein attach to the proceeds received by the Debtor from the sale to the same extent and in the same priority they respectively have against the property.

D. And, to grant such other, further or different relief as may be proper in the premises to effect the sale of the property and to distribute the proceeds derived from the sale to these persons or entities entitled thereto.

| June 7, 2010 | */s/ Patrick Calhoun* |
|---|---|
| Date | Patrick Calhoun |
| | Attorney for the Debtor |

MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE - - Page 3 of 3